UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THEODORE WILLIS,                           No. 2:10-cv-00642-MCE-EFB P

       Petitioner,

  v.                                        <u>ORDER</u>

R. GROUNDS,

       Respondent.

----oo0oo----

On August 31, 2011, the Magistrate Judge issued findings in this matter (ECF No. 20) recommending that Respondent's Motion to Dismiss (ECF No. 11) be denied.  Upon reviewing those findings de novo, as this Court is required to do under the provisions of 28 U.S.C. 636(b)(1)(C) and Local Rule 304, this Court rejected those findings and issued its own fourteen page Order (ECF No. 23), explaining in detail the grounds upon which its decision to grant the Motion to Dismiss was made.  Judgment was entered in accordance with that Order on September 30, 2011.

///

1

On December 12, 2011, Petitioner filed the Motion (ECF No. 25) now before the Court: a request for relief from that judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).

Relief under Rule 60(b) is subject to the Court's sound discretion. <u>Hunter v. Underwood</u>, 362 F.3d 468, 475 (8th Cir. 2004). Such relief is an extraordinary remedy that should be granted only under exceptional circumstances. <u>Sellers v. Mineta</u>, 350 F.3d 706, 716 (8th Cir. 2003). As a general rule, relief under the Rule is available only on grounds that cannot be presented on direct appeal. <u>See</u>, <u>e.g.</u>, <u>Orlando Residence, Ltd. v. GP Credit Co., LLC</u>, 553 F.3d 550, 556 (7th Cir. 2009).

Here, the subsection of Rule 60(b) relied on by Petitioner is subdivision (6), a "catch-all" provision which authorizes relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); <u>Delay v. Gordon</u>, 475 F.3d 1039, 1044 (9th Cir. 2007). This subdivision in particular is intended to be used sparingly, as an equitable remedy, to prevent injustice under the most extraordinary of circumstances. <u>Id.</u>; <u>see also</u> <u>Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund</u>, 249 F.3d 519, 524 (6th Cir. 2011); <u>United States v. State of Wash.</u>, 98 F.3d 1159, 1163 (9th Cir. 1996). If such relief is to be granted, the court must not only make an "explicit determination" as to the extraordinary nature of the circumstances, but also show how the evidence supports that determination. <u>Ford Motor Co. v. Mustangs Unlimited, Inc.</u>, 487 F.3d 465, 470 (6th Cir. 2007).

///
///

1    Here, the Court's review indicates that Petitioner, in
2 essence, simply reargues his case, contending both that the
3 disciplinary proceedings were procedurally flawed and that he was
4 innocent of the charges brought against him.  As such, there are
5 no extraordinary circumstances that merit relief under
6 Rule 60(b)(6).  Petitioner's redress at this point, if any, rests
7 with direct appeal rather than through any additional proceedings
8 before this Court.  In addition, the Court notes that its
9 decision to grant Respondent's motion here is premised not on the
10 merits of Petitioner's case as such, but instead on the fact that
11 the disciplinary proceedings at issue, regardless of their
12 outcome, simply do not sufficiently impact Petitioner's
13 eligibility for parole, or the duration of his confinement, so as
14 to be eligible for federal habeas review.
15    For all the foregoing reasons, Petitioner's Motion under
16 Federal Rule of Civil Procedure 60(b)(6) is hereby DENIED.
17    IT IS SO ORDERED.

Dated: February 8, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE